UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY ANN COMER,

      Plaintiff,

v.                                                                            Case No. 8:23-cv-1584-CPT

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.
_____/

**O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorney's fees and costs

pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 25). For the

reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in July 2023 seeking judicial review of the

Commissioner's decision denying her application for Disability Insurance Benefits and

Supplemental Security Income. (Doc. 1). In January 2024, the Commissioner filed a

motion asking that judgment be entered in the Plaintiff's favor and that the case be

remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 22). The

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to
Federal Rule of Civil Procedure 25(d), Mr. O'Malley is substituted for the former Acting
Commissioner, Kilolo Kijakazi, as the Defendant in this suit.

Court granted the Commissioner's request (Doc. 23), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 24).  The instant motion, uncontested by the Commissioner, followed.  (Doc. 25).[2]

II.

The EAJA authorizes a court to grant attorney's fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust.  28 U.S.C. § 2412(d).  To warrant the issuance of fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust.  *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by his lack of opposition.  Thus, it is appropriate to grant attorney's fees pursuant to the EAJA in this case.

---

[2] In light of the circumstances presented, the Court invokes its authority under Local Rule 1.01(b)—which permits the Court to suspend the application of a local rule—and declines to enforce Local Rule 7.01's bifurcation approach to the Plaintiff's fee request here.  M.D. Fla. R. 1.01(b).

In assessing the fees to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps.  First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).  Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor.  *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation.  In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200.  As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125.  The Court is not alone in this observation.  *See, e.g.*, *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-

SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2 (M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at *2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022); *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at *1 (M.D. Fla. June 2, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at *1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021).  The Court therefore finds there is a sufficient basis to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price Index (CPI).  *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at *2 (S.D. Fla. Feb. 12, 2010);[3] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments).  Given this case authority, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA.  *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Mar. 15, 2024).

---

[3] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at *6 n.12 (S.D. Fla. Oct. 22, 2018).

Here, the Plaintiff seeks $6,718.65 in attorney's fees predicated upon a total of 28.2 hours expended in this action in 2023 by her lawyer, Erik Berger, at the hourly rate of $238.25. (Doc. 25). To buttress her fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Berger rendered in the case. (Doc. 25-1). The Commissioner does not contest the Plaintiff's calculated fee figure. (Doc. 25 at 6).

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rate claimed by counsel are reasonable and adequately supported. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021). The Plaintiff is thus entitled to $6,718.65 in attorney's fees.

In addition to her fee request, the Plaintiff asks that she be permitted to recover the $402 filing fee she was required to pay to initiate this lawsuit. (Doc. 25 at 3). The Commissioner does not object to this relief either. *Id.* at 6.

Numerous courts in this District have determined that filing fees are a compensable cost under the EAJA. *See*, *e.g.*, *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 16947863, at *2 (M.D. Fla. Nov. 14, 2022) (finding the claimant's filing fee to be recoverable under the Act), *report and recommendation adopted*, 2022 WL 16954494 (M.D. Fla. Nov. 15, 2022); *Decardenas v. Acting Comm'r of Soc. Sec.*, 2022 WL 4125049, at *2 (M.D. Fla. Aug. 9, 2022) (same); *Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (same). That said, several courts have concluded that

unlike attorney's fees, which are reimbursed by the Social Security Administration, filing fees and other such covered costs must be drawn from the Judgment Fund administered by the Department of the Treasury. *See, e.g.*, *Kay v. Comm'r of Soc. Sec.*, 2021 WL 9595995, at *1 (M.D. Fla. Oct. 4, 2021) (explaining that a filing fee is awardable as a "cost," while a service of process fee is compensable as an "expense," and that these amounts are paid out of two separate funds); *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021) (quoting *Walker v. Astrue*, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2572517 (N.D. Fla. June 22, 2010)), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sept. 7, 2021); *Selby v. Kijakazi*, 2022 WL 1205626, at *3 (N.D. Fla. Feb. 10, 2022) (directing that the "[f]ees of the clerk" awarded to the plaintiff be "paid from the Judgment Fund administered by the United States Treasury"), *report and recommendation adopted*, 2022 WL 1204129 (N.D. Fla. Apr. 22, 2022).  Based upon this line of decisions, the Court finds that the Plaintiff is entitled to recover from the Judgment Fund the $402 filing fee she was charged to commence this matter. *See* 31 U.S.C. § 1304.

III.

For the reasons set forth above, it is hereby ORDERED:

1.      The Plaintiff's unopposed motion for attorney's fees and costs pursuant to the EAJA (Doc. 25) is granted.

2.     The Plaintiff shall be awarded attorney's fees in the amount of $6,718.65 and costs in the amount of $402, the latter of which shall be paid from the Judgment Fund pursuant to 31 U.S.C. § 1304.

3.     In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of these amounts shall be made payable to the Plaintiff.  If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyer.

SO ORDERED in Tampa, Florida, this 18th day of March 2024.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

7